# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Charmane Smith, | Case No. 2:22-cv-00600-APG-DJA |
| Plaintiff, | |
| v. | **Order** |
| BulkSupplements.com, and Kevin Baronowsky, | |
| Defendants. | |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*. (ECF No. 6). Plaintiff also submitted a complaint with her initial application, which application was denied without prejudice. (ECF No. 1-1); (ECF No. 5).

**I.     *In Forma Pauperis* Application**

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 8). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II.     Screening the Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 678.  Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly*, 550 U.S. at 570.  Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

### A.     *The Court dismisses Plaintiff's complaint without prejudice.*

Plaintiff alleges that she attempted to order supplements from Defendant Bulksupplements.com—the CEO of which is Defendant Kevin Baronowsky—but that her orders were not fulfilled.  She alleges that Bulksupplements.com called her and explained that it could not accept orders through the mail and that it had shredded her letters.  Plaintiff adds that she received two letters from Bulksupplements.com's customer service explaining that items were out of stock and reiterating that Bulksupplements.com does not accept orders sent by the mail.  Plaintiff then lists Section 5 of the Federal Trade Commission Act, the Payment Card Industry Data Security Standards, the Tennessee Consumer Protection Act, and the Nevada Consumer Protection Act as the statutes under which her claims arise.

However, Section 5 of the Federal Trade Commission Act does not create a private right of action. *See Kimbrell v. Twitter Inc.*, No. 18-cv-04144-PJH, 2018 WL 6025609, at *4 (N.D. Cal. Nov. 16, 2018). And while Plaintiff asserts that Defendants did not follow the Payment Card Industry Data Security Standards because they did not provide adequate protections for data, Plaintiff has not asserted, and this Court has not found, authority which establishes a private right of action under these standards. Even if she did provide this authority, Plaintiff has not alleged facts showing *how* Defendants have failed to follow these standards. And while Plaintiff broadly invokes the Tennessee Consumer Protection Act and Nevada Consumer Protection Act, she does not explain the portion of these acts under which her claims arise or what Defendants did to violate them.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 6) is **granted.** Plaintiff shall not be required to pre-pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1) on the docket but shall not issue summons.

**IT IS FURTHER ORDERED** that the complaint (ECF No. 1-1) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **August 17, 2022** to file an amended complaint if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint,

each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order will result in the recommended dismissal of this case.**

DATED: July 18, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE